# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 9, 2008

Charles R. Fulbruge III
Clerk

No. 07-40931
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ROY ROGELIO MARTINEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:07-CR-256-1

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Roy Rogelio Martinez appeals his conviction for possession with intent to distribute marijuana. Martinez argues that the evidence is insufficient to support his conviction. We review a sufficiency challenge to determine whether a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Martinez contends that the evidence was insufficient to prove beyond a reasonable doubt that he knew that there was marijuana in the trailer that he was pulling. He contends that the circumstantial evidence presented at trial could support equally either guilty knowledge or a lack thereof. Martinez's contentions are not persuasive.

The evidence adduced at trial showed that Martinez was unusually nervous and talkative in the presence of the trooper who pulled him over. The jury could have rationally inferred that, by being so talkative, Martinez was attempting to distract the trooper away from the inspection of the trailer. Martinez made conflicting statements to the trooper regarding which road he had traveled on. The jury could have rationally inferred guilty knowledge from a transcript of a telephone call Martinez made to his wife from a detention facility. Finally, for it to be plausible that Martinez was innocent because he was unaware of the presence of the marijuana in the trailer, it has to be accepted that persons unknown to him surreptitiously stashed a large amount of drugs in the trailer. For it to be plausible that Martinez was guilty because he agreed to transport the drugs requires no such unusual circumstances. See United States v. Villarreal, 324 F.3d 319, 324 (5th Cir. 2003) (stating that jury can infer that drug smugglers would not likely entrust large quantity of drugs to person with no knowledge of them). In Villarreal, the hidden cargo was 600-plus pounds of marijuana valued at more than $300,000. Id. The 352.64 kilograms found in Martinez's trailer equates to more than 777 pounds of marijuana.

The evidence at trial was sufficient to allow a rational jury to find that Martinez knew of the marijuana in the trailer he was pulling. See United States v. Ortega Reyna, 148 F.3d 540, 543 (5th Cir. 1998). Martinez's conviction is AFFIRMED.